IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEY MCKEE, | No. 4:23-CV-01750 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 21, 2024

Plaintiff Jamey McKee is a serial *pro se* litigant who is well known to this Court. He is currently incarcerated at the State Correctional Institution in Somerset, Pennsylvania (SCI Somerset), but filed the instant *pro se* Section 1983[1] action concerning constitutional violations that allegedly occurred while he was imprisoned at different state institutions. McKee's complaint violates multiple pleading rules and standards and will therefore be dismissed.

I.     STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because McKee proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like McKee, is incarcerated.[14]

## II.   DISCUSSION

McKee is a prolific litigant. In the span of approximately one year, he has filed seven civil rights lawsuits in this Court. The instant action, however, is a

---

[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

drastic departure from the rest of his cases.  Here, McKee attempts to sue no less than *twenty-five* different defendants, from low-level corrections officers all the way to the Secretary of the Pennsylvania Department of Corrections (DOC), and even the DOC itself.  His complaint spans 120 pages, consists of 711 paragraphs, and asserts 45 separate counts.[15]  McKee also included another 97 pages of exhibits,[16] as well as a 47-page "declaration."[17]  Because McKee's excessively verbose and overlong complaint egregiously violates multiple pleading rules, the Court will dismiss it without prejudice.

    A.    **Federal Rule of Civil Procedure Pleading Requirements**

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."[18]  Each allegation of a pleading must be "simple, concise, and direct."[19]  Together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules."[20]  A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for

---

[15]   *See generally* Doc. 1.
[16]   Docs.
[17]   Doc. 2.
[18]   FED. R. CIV. P. 8(a)(1), (2).
[19]   FED. R. CIV. P. 8(d)(1).
[20]   *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).

trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[21]  "Rule 8(a) requires that a complaint be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."[22]  As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[23]

McKee's complaint is a model of excessively prolix and overlong pleading, "constituting a significant departure from the spirit and letter of Rule 8."[24]  As noted above, his complaint names 25 different defendants, spans 120 pages, includes an astounding 711 handwritten paragraphs, and alleges no less than 45 purported constitutional or federal law violations.  Not satisfied with his 120-page complaint, McKee tacks on another 97 pages of exhibits and 47 pages of sworn statement for good measure.  Just reading through the complaint and declaration is

---

[21] *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).
[22] *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012) (internal quotation marks and citation omitted)
[23] *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).
[24] *Coit v. Malichaik*, No. 1:23-CV-01124, 2024 WL 289335, at *3 (M.D. Pa. Jan. 25, 2024).

an hours-long endeavor. Properly responding to it, as defendants eventually must, is a nearly impossible task. McKee's complaint, moreover, is "rife with irrelevant facts" and information that compounds the difficulty of properly formulating a response.[25]

Not only is McKee's complaint excessively long, but it also contains disparate and unrelated claims against numerous different defendants, in violation of Federal Rule of Civil Procedure 20(a)(2). For example, McKee appears to assert claims against the DOC and an unidentified "Jane Doe" psychiatrist for events that occurred in 2020 at SCI Forest,[26] allegations of retaliation by an SCI Frackville corrections officer based on an event that occurred in April 2023,[27] allegations of deliberate indifference to serious medical needs by psychology support staff for a July 21, 2023 incident,[28] allegations of deliberate indifference to serious medical needs by a different SCI Frackville security officer for a July 27, 2023 self-harm incident,[29] claims under the Americans with Disabilities Act (ADA) against the Secretary of the DOC and other healthcare providers,[30] and innumerable other unrelated claims against multiple different defendants. Indeed,

---

[25] See Adderly v. Stofko, 646 F. App'x 138, 141 (3d Cir. 2016) (nonprecedential).
[26] See Doc. 1 ¶¶ 76-99. The Court notes that these claims would likely be barred by the two-year statute of limitations for Section 1983 claims. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. ANN. § 5524(7).
[27] Doc. 1 ¶¶ 101-08.
[28] Id. ¶¶ 179-93.
[29] Id. ¶¶ 197-216.
[30] Id. ¶¶ 194-305.

the aforementioned claims are just the tip of the iceberg in McKee's 711 paragraphs of allegations.

McKee, however, cannot raise these diverse claims in a single complaint. They are plainly not part of the "same transaction, occurrence, or series of transactions or occurrences," nor is there a "question of law or fact common to all defendants" such that these claims and diverse defendants could be permissively joined together in a single action.[31] If McKee desires to press these numerous, unrelated claims in federal court, he would be required to file separate Section 1983 lawsuits and would have to pay the filing fee for each case. He cannot attempt to circumvent the Prison Litigation Reform Act by filing one lawsuit alleging every perceived wrong by two dozen DOC officials over the course of three years.[32]

### B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[33] McKee will be given leave to amend but must adhere to the following directions:

---

[31] *See* FED. R. CIV. P. 20(a)(2)(B).
[32] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); *Redding v. Bilinski*, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).
[33] *Grayson*, 293 F.3d at 114.

- The amended complaint must be a stand-alone document, complete in itself and without reference to any previous pleading.

- The amended complaint should set forth McKee's claim (or claims) in *short, concise, and plain statements*, and in sequentially numbered paragraphs. McKee must decide which claim or claims he is pursuing in this case and must have a proper basis for joinder of claims and defendants.

- McKee must name proper defendants and specify the offending actions taken by a particular defendant.

- McKee is admonished that he *must* comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single action.

- Failure to adhere to these directives will result in the Court striking any improper amended pleading.

If no amended complaint is timely filed, dismissal will automatically convert to dismissal with prejudice and the Court will close this case.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss McKee's complaint for failure to comply with Federal Rule of Civil Procedure 8. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
